# Report and Recommendation Upon Referral of a Motion for a Default Judgment/Inquest to Magistrate Judge Brown

Case Name and Docket Number:         18-cv-3130 (ADS) (GRB)

**Trustees of the United Union of Roofers, Waterproofers and Allied Workers Local 154 Welfare, Pension, Annuity, and Apprenticeship and Training Funds v. US Allegro, Inc.**

Before the undersigned, on referral from the Honorable Arthur D. Spatt, is plaintiff's motion for default judgment in this ERISA action. Docket Entry No. ("DE") 10; DE 15 (referral order). Having reviewed all of the moving papers, I hereby find as follows:

<u>Service of Process and Default</u>

X The record reflects that proper service was made on defendant. [DE 7]

X According to the record, no answer, motion or other appearance was filed on behalf of defendant.

X The Clerk has properly entered notation of default pursuant to Fed. R. Civ. P. 55(a) [DE 9]

<u>Liability</u>

Defendant's default constitutes "an admission of all well-pleaded allegations against the defaulting party." *Vt. Teddy Bear Co. v. 1–800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir. 2004). Nevertheless, the court is "required to determine whether the [plaintiff]'s allegations establish [defendant]'s liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 85 (2d Cir. 2009).

The admitted allegations are as follows. Defendant entered into a collective bargaining agreement ("CBA") with plaintiff Union. DE 13 at ¶ 6; DE 13-1 at 45. Pursuant to the terms of the CBA, defendant was obligated to pay contributions to plaintiff Fund for work performed by individuals employed by defendant. DE 13 at ¶ 9. Defendant failed to timely remit contributions for November 2017 through April 2018. *Id.* at ¶ 12. Furthermore, plaintiff hired an accounting firm to conduct an audit, which indicated an additional deficiency not paid by defendant. DE 12 at ¶¶ 3–5.

Based upon examination of the complaint and motion papers, I find that plaintiff has demonstrated that the uncontroverted allegations, without more, establish the defendant's liability on the following cause(s) of action:

    First Cause of Action – Failure to Make ERISA Contributions

<u>Damages</u>

"To establish damages upon a default, the movant need only prove that the 'compensation sought relate[s] to the damages that naturally flow from the injuries pleaded.'" *OneWest Bank, N.A. v. Bianchini*, No. CV 14-3234 (DRH) (GRB), 2016 WL 1039491, at *2 (E.D.N.Y. Feb. 22, 2016), *report and recommendation adopted*, 2016 WL 1045533 (E.D.N.Y. Mar. 15, 2016) (citing *Greyhound Exhibitgrp., Inc. v. E.L. U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). Based upon review of affidavits and other documentary evidence, *see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp,* 109 F.3d 105, 111 (2d Cir. 1997) (court may rely upon affidavits and documents in calculating damages upon default), I find that plaintiff has established damages in the following amount(s):

| | |
|---|---|
| X Principal Damages [DE 13 at ¶ 13; DE 13-3] | $ 32,000.33 |
| X Pre-Judgment Interest on Damages at 10%[1] [DE 13 at ¶ 14] | $ $5,560.97 |
| X Liquidated Damages on Principal Damages [DE 13 at ¶ 15] | $ $8,030.65[2] |
| X Audit Deficiency [DE 12 at ¶ 5] | $ 1,034.28 |
| X Pre-Judgment Interest on Audit Deficiency at 10%[3] [DE 12 at ¶ 7] | $ 167.13 |
| X Liquidated Damages on Audit Deficiency [DE 12 at ¶ 8] | $ 103.43 |
| X Attorneys' Fees (see Appendix A) | $ 1,610.00 |
| X Costs (see Appendix A) | $ 495.37 |
| Total | $ 49,002.16 |

---

[1] Plaintiff is entitled to interest at the rate of 10% pursuant to the CBA. DE 13-1, Art XV, § 5(a).

[2] The liquidated damages are calculated using 10% of the original deficiency at issue, not the current balance deficiency. *Iron Workers Dist. Council of Western N.Y. and Vicinity Welfare & Pension Funds v. Hudson Steel Fab. & Erectors, Inc.*, 68 F.3d 1502 1507–08 (2d Cir. 1995). Thus, plaintiff is entitled to 10% liquidated damages on the full deficiency amount of $80,306.45. *See* DE 13 at ¶ 15.

[3] Plaintiff is entitled to interest at the rate of 10% pursuant to the CBA. DE 13-1, Art XV, § 5(a).

# Appendix A to Report and Recommendation Upon Referral of a Motion for a Default Judgment/Inquest: Attorneys' Fees and Costs

    Whereas counsel fees and costs are provided pursuant to 29 U.S.C. § 1132(g)(2), the undersigned recommends an award of attorneys' fees and costs as follows. "Both [the Second Circuit] and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). Upon review of the moving papers, the following represents reasonable attorneys' fees and costs in this matter:

***Fees***

| Provider Type | Presumptive Maximum Rate[4] | Rate Sought by Plaintiff(s) | Approved Rate | Hours[5] | Documented in | Approved Fees |
|---|---|---|---|---|---|---|
| Paralegal | $110[6] | $100 | $100 | 0.9 | DE 11 at ¶¶ 10–11; DE 11-4 | $90 |
| Associate Attorney | $100-295[7] | $200 | $200 | 7.6[8] | DE 11 at ¶¶ 10–11; DE 11-4 | $1,520 |
| Partner | | | | | | |
| **Total** | | | | | | $1,610.00 |

**Costs**[9]

| Item (specify each) | Requested Cost | Approved Cost |
|---|---|---|
| Filing Fee | $400.00 | $400.00 |
| UPS Charge | $25.37 | $25.37 |
| Service Fee | $70.00 | $70.00 |
| Total Costs and Fees | $495.37 | $495.37 |

---

[4] The presumptive maximum rate is based upon current caselaw in the Eastern District of New York and the Second Circuit.

[5] In the default context, up to 20 hours has been found reasonable. *Martone v. HST Roofing, Inc.*, 2007 WL 595054, at *3 (E.D.N.Y. Feb. 22, 2007); *La Barbera v. David Liepper & Sons, Inc.*, 2006 WL 2423420 at *5 (E.D.N.Y.2006).

[6] *Gesualdi v. Seacoast Petroleum Prods., Inc.*, No. 14-CV-1938 (ADS)(SIL), 2015 WL 1469295, at *16 (E.D.N.Y. Mar. 30, 2015).

[7] *Id*.

[8] While counsel requests the Court award 12.0 hours of attorney work, a review of the underlying billing records shows only 7.6 hours of work performed. *See* DE 11-4 at 3–4.

[9] *Alland v. Consumers Credit Corp.*, 476 F.2d 951 (2d Cir. 1973) ("costs" generally include such expenses as filing fees).

*Conclusion*

Therefore, the undersigned respectfully recommends that the Court grant plaintiffs' motion for default judgment and award plaintiffs judgment in the amount of $49,002.16.

*Objections*

A copy of this Report and Recommendation is being provided to plaintiff's counsel via ECF. Furthermore, the Court directs plaintiff (1) to serve copies of this Report and Recommendation by overnight mail to defendants at the last known addresses, and (2) to file proof of service on ECF within two days. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.** *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

/s/ Gary R. Brown	August 30, 2019

GARY R. BROWN, United States Magistrate Judge	Date