FILED
CLERK
12:11 pm, Sep 18, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
TRUSTEES of the UNITED UNION OF
ROOFERS, WATERPROOFERS AND
ALLIED WORKERS LOCAL 154 WELFARE,     **ADOPTION ORDER**
PENSION, ANNUITY, AND                 2:18-cv-3130 (ADS) (GRB)
APPRENTICESHIP AND TRAINING FUNDS,

        Plaintiffs,

    -against-

US ALLEGRO, INC.

        Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**Virginia & Ambinder LLP**
*Attorneys for the Plaintiff*
40 Broad Street, 7th Floor
New York, NY 10004
    By:    Charles R. Virginia, Esq.,
            Nicole Marimon, Esq., Of Counsel.

**SPATT, District Judge**:

On May 29, 2018, the Plaintiffs brought an action against the Defendant under §§ 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA") and § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, to recover delinquent employer contributions to a group of employee benefit plans. They asked for principal damages, pre-judgment interest and liquidated damages on those principal damages, contributions uncovered by an audit, pre-judgment interest and liquidated damages on the amount uncovered by the audit, attorney's fees, and costs.

On December 4, 2018, after the Defendant failed to answer or otherwise respond, the Plaintiffs requested a certificate of default against the Defendant. The Clerk of Court entered a

1

default against the Defendant on the same day. On December 14, 2018, the Plaintiffs filed the present motion for a default judgment. This Court on December 17, 2018 referred the default judgment motion to United States Magistrate Judge Gary R. Brown for a Report and Recommendation as to whether the motion should be granted, and if so, whether damages should be awarded.

On August 30, 2019, Judge Brown issued the Report and Recommendation ("R&R"), recommending that the motion for a default judgment be granted. ECF 16 at 1, 4. Judge Brown also recommended that the Plaintiffs be awarded $49,002.16 in damages, allocated as follows:

(1) Principal damages of $32,000.33
(2) Pre-judgment interest on the principal damages of $5,560.97
(3) Liquidated damages on the principal damages of $8,030.65
(4) Damages from the audit deficiency of $1,034.28
(5) Pre-judgment interest from the audit deficiency of $167.13
(6) Liquidated damages on the audit deficiency of $103.43
(7) Attorney's fees of $1,610.00
(8) Costs of $495.37

*Id.* at 2.

The Plaintiff filed proof of service on September 3, 2019. It has been more than fourteen days since the service of the R&R, and the parties have not filed objections.

As such, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result. *See Coburn v. P.N. Fin.*, No. 13-cv-1006 (ADS) (SIL) (reviewing Report and Recommendation without objections and for clear error).

Accordingly, the R&R is adopted in its entirety. The Plaintiffs' motion for default judgment is granted as recommended by the R&R. Further, the Plaintiffs are awarded damages, attorney's fees and costs in the amounts set out in the R&R.

The Clerk of the Court is directed to close the case.

**SO ORDERED.**

Dated:     Central Islip, New York                               /s/ Artur D. Spatt

    September 18, 2019                                    ARTHUR D. SPATT

                                                            United States District Judge